UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24416-CIV-ALTONAGA/Reid

**COREY DURAN BERRY**,

    Movant,
v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

**ORDER**

On November 20, 2023, Movant, Corey Duran Berry filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. [section] 2255 ("Motion") [ECF No. 1], challenging the constitutionality of his federal conviction and sentence in case number 13-cr-20857, in light of recent Supreme Court rulings. On December 30, 2024, Magistrate Judge Lisette M. Reid entered her Report and Recommendation ("Report") [ECF No. 18], recommending the Court deny the Motion. (*See* Report 13).[1] Movant filed Objections [ECF No. 21], to which the Government responded [ECF No. 23], and Movant replied [ECF No. 24]. The Court has carefully considered the Report, the parties' written submissions, the record, and applicable law. For the following reasons, the Report is adopted in part, and Movant's Objections are overruled.

**I. BACKGROUND**

**A. Underlying Criminal Case**

On the morning of June 6, 2013, Movant attempted to carjack a man in Hialeah, Florida, by pressing a revolver to the back of the man's head as he stood near the trunk of his Toyota

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Camry.  (*See United States v. Berry*, No. 13-20857-CR, Factual Proffer [CR ECF No. 27] 1, filed on Feb. 18, 2014 (S.D. Fla. 2023)).² After taking the man's keys and unsuccessfully trying to start the car, Movant fled the scene with his firearm.  (*See id.*).  Minutes later, Movant approached a group of four standing near a running Toyota Yaris, threatened them at gunpoint, and drove off with the vehicle.  (*See id.* 2).  Two days later, police located Movant in the stolen Yaris and took him into custody, whereupon he confessed to both the attempted and completed carjackings.  (*See id.*).

In 2013, Movant was indicted for attempted carjacking (Count 1), in violation of 18 U.S.C. section 2119(1); brandishing a firearm during a crime of violence (Count 2), specifically, the attempted carjacking in Count I, in violation of 18 U.S.C. section 924(c)(1)(A)(ii); carjacking (Count 3), in violation of 18 U.S.C. section 2119(1); and brandishing a firearm during a crime of violence (Count 4), specifically, the carjacking in Count 3, in violation of 18 U.S.C. section 924(c)(1)(A)(ii).  (*See* Indictment [CR ECF No. 1] 1–3).  Movant pled guilty to Counts 1 through 3, and in return, the Government agreed to dismiss Count 4.  (*See* Plea Agreement [CR ECF No. 26] 1; Change of Plea Tr. [CR ECF No. 52] 18:9–18:11).

The Court sentenced Movant to 134 months' imprisonment on Counts I and III, to run concurrently, followed by a consecutive 84-month term on Count II — for a total of 218 months' imprisonment.  (*See* Sentencing Tr. [CR ECF No. 53] 28:7–28:13; Am. J. [CR ECF No. 49] 2). Although the Plea Agreement contained an appeal waiver (*see* Plea Agreement 5), Movant filed a Notice of Appeal [CR ECF No. 41].  He subsequently moved to dismiss his appeal, and the Eleventh Circuit granted the request.  (*See* Jan. 21, 2015 Order of Dismissal [CR ECF No. 54] 2).

---

² References to docket entries in Movant's criminal case, Case No. 13-20857-CR-ALTONAGA, are denoted with "CR ECF No."

### B. Section 2255 Proceedings

On June 23, 2016, Movant filed his first motion under 28 U.S.C. section 2255,[3] challenging his conviction on Count 2, imposed under 18 U.S.C. section 924(c)(1)(A)(ii) ("Section 924(c) Conviction"). (*See generally* Mot. to Correct Sentence [CR ECF No. 56]). Section 924(c) mandates a consecutive sentence for using a firearm during and in relation to a crime of violence or a drug-trafficking offense. *See* 18 U.S.C. § 924(c)(1)(A). Under the "residual clause" of section 924(c), a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). Alternatively, under the "elements clause" of section 924(c)(3), a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" *Id.* § 924(c)(3)(A) (alteration added).

Movant contended his Section 924(c) Conviction was unlawful because the predicate offense of attempted carjacking no longer qualified as a crime of violence following *Johnson v. United States*, 576 U.S. 591 (2015). (*See* Mot. to Correct Sentence 11–12); *see also In re: Corey Berry*, No. 23-13310, Order [ECF No. 2] 3, filed on Oct. 31, 2023 (11th Cir. 2023). Specifically, Movant asserted that: (1) section 924(c)'s residual clause is unconstitutionally vague because it is materially analogous to the residual clause the Supreme Court invalidated in *Johnson*; and (2) carjacking does not qualify as a crime of violence under the elements clause, as it can be committed through intimidation alone — without actual, attempted, or threatened force. (*See* Mot. to Correct Sentence 12–26); *see also Berry*, No. 23-13310, Order at 3. The Undersigned dismissed the motion (*see generally* Feb. 28, 2017 Order [CR ECF No. 58] 6); the Eleventh Circuit declined to

---

[3] A prisoner may obtain relief under section 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(b).

issue a certificate of appealability, *see generally Berry v. United States*, No. 17-12473, 2017 WL 11623201, at *2 (11th Cir. Nov. 27, 2017); and the Supreme Court denied a petition for writ of certiorari, *see generally Berry v. United States*, 585 U.S. 1009 (2018).

In October 2023, Movant sought authorization from the Eleventh Circuit to file a second motion under 28 U.S.C. section 2255. *See generally Berry*, No. 23-13310, Appl. ("Appl.") [ECF No. 1], filed on Oct. 10, 2023 (11th Cir. 2023). As relevant here, such authorization may be granted if the court of appeals certifies that the successive motion contains a claim involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

As in his earlier challenge, Movant insisted that attempted carjacking no longer qualified as a crime of violence, rendering his Section 924(c) Conviction invalid. *See* Appl. at 7–8; *see also Berry*, No. 23-13310, Order at 3. This time he anchored his claim in *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022). *See* Appl. at 7–8; *see also Berry*, No. 23-13310, Order at 3. In *Davis*, the Supreme Court held that section 924(c)'s residual clause defining a crime of violence is unconstitutionally vague, 588 U.S. at 470 — a decision the Eleventh Circuit recognized as establishing a new rule of constitutional law for purposes of section 2255(h)(2), *see In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019). Thus, Movant deduced, *Davis* left only the elements clause to support his Section 924(c) Conviction. *See* Appl. at 7–8.

And even that, Movant argued, was foreclosed by *Taylor*, where "the Supreme Court held [that] attempted Hobbs Act robbery [was] not a crime of violence under [section] 924(c)(3)(A)" because it could be completed by a mere attempt to threaten and therefore did not require the use, attempted use, or threatened use of violence. Appl. at 7 (alterations added). From this, Movant reasoned that attempted carjacking, like attempted Hobbs Act robbery, falls outside the elements

4

clause, "because a completed carjacking can be accomplished through threats alone," and "a defendant can be convicted of an attempted carjacking based on 'attempt to threaten.'" *Id.* at 8.

The Eleventh Circuit concluded that Movant had made the requisite *prima facie* showing under 28 U.S.C. section 2255(h)(2) — that is, that his proposed *Davis* claim met the statutory criteria, authorizing him to file a second section 2255 motion. *See Berry*, No. 23-13310, Order at 11, 14; *see also id.* at 2. But, according to the Eleventh Circuit, that determination "does not conclusively resolve th[e] issue." *Id.* at 13 (alteration added; citing *Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357 (11th Cir. 1007)). "[O]nce [a] prisoner files his authorized [section] 2255 motion in the district court, 'the district court not only can, but must, determine for itself whether those requirements are met.'" *Id.* (alterations added; quoting *Jordan*, 485 F.3d at 1357). Indeed, "the statutory language of [section] 2244, which is cross referenced in [section] 2255(h), expressly provides that a district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *Id.* (alteration adopted; other alterations added; quotation marks omitted; quoting 28 U.S.C. § 2244(b)(4)).

At this stage, Movant "bear[s] the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he [must] show that his [section] 924(c) conviction resulted from application of solely the residual clause." *Hammoud*, 931 F.3d at 1041 (alterations added; citing *Beeman v. United States*, 871 F.3d 1215, 1222–25 (11th Cir. 2017); other citation omitted). As relevant here, to meet that standard, Movant must show it was more likely than not that the sentencing court relied solely on the residual clause to qualify the predicate offense as a crime of violence; if the record leaves it equally plausible that the court based its finding on the elements clause — whether exclusively or in the alternative — Movant cannot carry his burden. *See*

5

*Beeman*, 871 F.3d at 1221 (citation omitted); *see also Fernandez v. United States*, 114 F.4th 1170, 1179–80 (11th Cir. 2024) (applying *Beeman*'s framework to section 924(c) (citations omitted)). "To determine this 'historical fact' [the court] look[s] first to the record, and then, if the record proves underdeterminative, [it] can look to the case law at the time of sentencing." *United States v. Pickett*, 916 F.3d 960, 963 (11th Cir. 2019) (alterations added).

### C. Magistrate Judge's Report

Applying *Beeman*, the Magistrate Judge determined that Movant has not met his burden to show that he is entitled to relief on his *Davis* claim. (*See* Report 13). The Court agrees with that conclusion and, unless otherwise stated, adopts the Report's analysis.

As mentioned, under *Beeman*'s framework, Movant must show that — more likely than not — his Section 924(c) Conviction resulted from a court's application of solely the residual clause. *See Fernandez*, 114 F.4th at 1180 (citation omitted); *see also Beeman*, 871 F.3d at 1222. "He has two paths to carrying this burden. First, he may make the requisite showing through a finding of historical fact — in other words, there may be record evidence that the residual clause did or did not lead to a conviction or sentence. Second, and alternatively, he may resolve the matter by reference to legal principles alone." *Fernandez*, 114 F.4th at 1180 (alterations adopted; citations and quotation marks omitted).

In this case, the Magistrate Judge began with the record but found no indication that the Undersigned relied on the residual clause. (*See* Report 8). Turning next to the legal landscape at the time of sentencing, the Magistrate Judge concluded it, too, cut against Movant's claim. (*See id.* 8–10). To be sure, the Eleventh Circuit did not squarely address whether attempted carjacking qualified as a crime of violence under the elements clause until after Movant was sentenced, specifically, in a trilogy of cases known as *Ovalles I*, *II*, and *III* — all of which were abrogated by

*Davis*. *See generally Ovalles v. United States* ("*Ovalles I*"), 861 F.3d 1257 (11th Cir. 2017); *Ovalles v. United States* ("*Ovalles II*"), 905 F.3d 1231 (11th Cir. 2018); and *Ovalles v. United States* ("*Ovalles III*"), 905 F.3d 1300 (11th Cir. 2018). Still, the Magistrate Judge rightly recognized that those decisions nonetheless reflect how courts in the Eleventh Circuit — including this sentencing Judge — generally interpreted the statute when Movant was sentenced. (*See* Report 8–9); *see also Fernandez*, 114 F.4th at 1182 ("[T]he subsequent trajectory of the law is relevant to the determination of whether a sentencing judge readily could have believed that the conviction qualified under the elements clause." (alteration adopted; other alteration added; citation and quotation marks omitted)). And to that point, each of the *Ovalles* cases held that attempted carjacking satisfied the elements clause. *See Ovalles I*, 861 F.3d at 1267; *Ovalles II*, 905 F.3d at 1253; *Ovalles III*, 905 F.3d at 1304.

The Magistrate Judge also drew support from *United States v. Armstrong*, 122 F.4th 1278 (11th Cir. 2024), a post-*Davis* decision in which the Eleventh Circuit reaffirmed that an "attempt" offense may still qualify as a crime of violence under the elements clause — so long as the statute criminalizes only attempts *occurring by force, violence, or intimidation*, as with attempted bank robbery under 18 U.S.C. section 2113. (*See* Report 9–10 (citing *Armstrong*, 122 F.4th at 1289)). Taken together, the *Ovalles* trilogy and *Armstrong* reinforce the idea that, at the time of Movant's sentencing, there was no Eleventh Circuit case law that made it more likely than not that the sentencing Court relied solely on the residual clause to uphold the Section 924(c) Conviction. (*See id.* 10). On that basis, the Magistrate Judge found that Movant failed to meet his burden under *Beeman* and recommended that the Court deny the Motion. (*See id.* 13).

The Magistrate Judge arguably went a step further, suggesting that even after *Davis*, attempted carjacking categorically qualifies as a crime of violence under the elements clause. (*See*

7

*id.* 10–12). The Court does not reach that question. The relevant inquiry is a historical one: whether the Undersigned more likely than not relied only on the now-invalid residual clause. *See Beeman*, 871 F.3d at 1221; *see also Pickett*, 916 F.3d at 963 (citation omitted). On this record, Movant has not made that showing. Notably, even the Government stops short of arguing that attempted carjacking categorically qualifies as a crime of violence under the elements clause, acknowledging that the Court need not reach the issue. (*See* Resp. 2). To the extent the Report takes a position on that question, the Court declines to adopt that portion of the Report.

## II.  LEGAL STANDARDS

When a party properly objects to a magistrate judge's findings or recommendations, the district court must review the objected-to findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). To trigger that review, the objections must specifically identify both the challenged portions of the report and the grounds for disagreement. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (citation omitted). If no specific objections are made, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory comm.'s note to 1983 addition (citations omitted). As Movant timely filed objections, the Court reviews the Report *de novo*.

## III.  DISCUSSION

Movant raises two objections to the Report, but only one warrants discussion. First, he challenges the Magistrate Judge's conclusion that attempted carjacking qualifies as a crime of violence under section 924(c)'s elements clause. (*See* Objs. 1–15). Second, he argues that the Magistrate Judge erred in applying *Beeman*. (*See id.* 15–19). As explained, the Court need not resolve whether attempted carjacking categorically qualifies as a crime of violence to adopt the Magistrate Judge's recommendation. Thus, the first objection is overruled, and the Court turns to

8

the second.

Movant does not dispute that he has not met his burden of showing that he is entitled to relief on his *Davis* claim under *Beeman*'s framework. (*See generally id.*). Instead, he challenges the validity of that framework, contending *Beeman*'s historical inquiry "is unmoored from the text of [section] 2255 and effectively rewrites [section] 2255(b) by raising the burden on [section] 2255 movants beyond that required by the Congress." (*Id.* 16 (alterations added)).

Section 2255(b) directs a court to "vacate and set [a] judgment aside" if it finds "that the sentence imposed was not authorized by law or otherwise open to collateral attack[.]" 28 U.S.C. § 2255(b) (alterations added). Movant interprets this language as requiring only a present-tense inquiry by the Court — specifically, whether the conviction remains legally valid today — regardless of the basis relied upon by the sentencing court. (*See* Objs. 16–17). To that end, he invokes *Taylor*, where the Supreme Court stated that courts were "'not authorized'" to impose mandatory sentences for section 924(c) convictions predicated on attempted Hobbs Act robbery. (*Id.* at 17 (quoting *Taylor*, 596 U.S. at 852)). Movant posits that this same reasoning applies to mandatory sentences for section 924(c) convictions premised on attempted carjacking. (*See id.* 1–15). Thus, in Movant's view, with the residual clause invalidated and attempted carjacking failing to meet the elements clause, the conviction is unlawful and must be vacated. (*See id.*).

The Court is not persuaded. First, *Beeman* remains binding precedent in the Eleventh Circuit and establishes the burden a movant must carry to obtain relief on a successive section 2255 motion raising a *Davis* claim. *See Fernandez*, 114 F.4th at 1179–81 (citations omitted); *see also id.* at 1187 (Rosenbaum, J., concurring) ("[T]he *Beeman* framework contravenes the plain text of [section] 2255(b), undercuts precedent, and threatens the separation of powers. . . . It is wrong, then, to continue to insist that we use it. . . . [But] our prior-panel-precedent rule compels

9

me to concur in the result[.]" (alterations added)); *United States v. Cotchery*, 406 F. Supp. 3d 1215, 1229 (N.D. Ala. 2019) (explaining that under the prior precedent rule, "courts in the Eleventh Circuit must follow a previous decision of the Eleventh Circuit 'even when a subsequent Supreme Court case weakens that decision,'" unless the precedent is clearly abrogated (alteration adopted; quoting *Overlook Gardens Props., LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1201 (11th Cir. 2019))).

Second, Movant's reliance on *Taylor* is unavailing. *Taylor* announced a statutory rule, not a constitutional one, and thus cannot "serve as a basis for [Movant's] second . . . motion to pass through [section] 2255(h)(2)'s gateway and on to merits consideration." *Fernandez*, 114 F.4th at 1178 (alterations added; footnote call number omitted); *see also In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016) (citations omitted); 28 U.S.C. § 2255(h). While *Taylor* clarifies that attempted Hobbs Act robbery does not — and never did — qualify as a crime of violence under section 924(c)'s elements clause, 596 U.S. at 852, that statutory holding has no bearing on the constitutional question at the heart of Movant's *Davis* claim: whether his conviction rested solely on the now-invalid residual clause, *see Fernandez*, 114 F.4th at 1180–81 (citations omitted).

As *Fernandez* confirms, that question must be answered by application of *Beeman*'s framework. *Fernandez*, 114 F.4th at 1180. Under that framework, it is "irrelevant" whether the predicate offense fails to qualify under the elements clause today; what matters is whether Movant can meet his "threshold burden" of showing a *constitutional* violation to bring him within the confines of section 2255(h)(2). *See id.* at 1181 (citation and quotation marks omitted). In other words, under *Beeman*, Movant must show that at the time of sentencing, the residual clause was the only available basis for the conviction. *See id.* (citation omitted); *see also Beeman*, 871 F.3d at 1224 n.5 (noting that a court's present-day determination that an offense no longer qualifies

10

under the elements clause "casts very little light, if any, on the key question of historical fact" — whether the sentencing court relied solely on the residual clause).

To be sure, the Court sees no conflict — let alone abrogation — between *Taylor* and *Fernandez*. *Taylor* addresses the scope of section 924(c)'s elements clause; *Fernandez* applies a burden-of-proof standard for successive motions under section 2255(h)(2). *See generally Taylor*, 596 U.S. 845; *Fernandez*, 114 F.4th 1170. The cases speak to different questions and operate at different stages of analysis. Because *Beeman* remains good law, and the Eleventh Circuit continues to apply it in this context, the Court is bound to do the same.

In a final effort, Movant invokes *Rivers v. Roadway Express, Inc.*, 511 U.S. 298 (1994), for the proposition that "a judicial construction of a statute is an authoritative statement of what a statute meant before as well as after the decision of the case giving rise to that construction." (Objs. 18 (alteration adopted; quotation marks omitted; quoting *Rivers*, 511 U.S. at 312–13)). The Eleventh Circuit agrees, and so does the Undersigned. *See Fernandez*, 114 F.4th at 1180 (confirming that *Taylor* stands for the proposition that attempted Hobbs Act robbery was not a crime of violence at any point). But, again, Movant's "*statutory* challenge to his conviction does not satisfy his burden under [Eleventh Circuit] precedent. [His] second or successive [section] 2255 claim is necessarily a *constitutional* one[.]" *Id.* at 1181 (alterations added; citation omitted; emphases in original); *see also id.* ("[F]or the purposes of [Movant's] *Davis* claim — which turns on the *residual* clause — it is 'irrelevant' whether his prior convictions are invalid predicates under [section] 924(c)'s *elements* clause." (alterations added; citation omitted; emphases in original)).[4]

### IV. CONCLUSION

For the foregoing reasons, the Undersigned agrees with the Report's recommendation and

---

[4] Because the Court adopts the Magistrate Judge's recommendation to deny the Motion on the merits, it does not address the Government's procedural-default argument. (*See* Resp. 6–7; *see also* Reply 2–5).

adopts its analysis in part, as specified.  Accordingly, it is

**ORDERED AND ADJUDGED** that Magistrate Judge Lisette M. Reid's Report and Recommendation **[ECF No. 18]** is **ACCEPTED AND ADOPTED in part**.  Movant, Corey Duran Berry's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. [section] 2255 **[ECF No. 1]** is **DENIED**.  No certificate of appealability shall issue.[5]  The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

Final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 17th day of April, 2025.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Lisette M. Reid
      counsel of record

---

[5] The Magistrate Judge also recommends the Court decline to issue a certificate of appealability because Movant has failed to show reasonable jurists would find her assessment debatable or wrong. (*See* Report 13).  The Court agrees.  *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2007) ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." (internal quotations marks and citation omitted)).